IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Wheeling Division**

MICHAEL A. COFIELD and

KAREN A. COFIELD

      Plaintiffs,

v.

5:23-cv-215
Bailey
Mazzone

FILED
JUN -7 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

ANTERO RESOURCES CORPORATION,
DAVID I. BEEM, TYRONE L. BEEM, DIANE BEEM, TODD BEEM, CRAIG E. BEEM, SHELLY M. STUBBLEFIELD,
MASON COLE BEEM, KATELYN BEEM, SETH DAVID BEEM, AND CHRISTOPHER JOHN STUBBLEFIELD

      Defendants.

## COMPLAINT FOR DUE PROCESS, CRIMINAL TRESPASS, AND INJUNCTIVE RELIEF

Plaintiffs, Michael A. Cofield and Karen A. Cofield, (collectively referred to as "Plaintiffs"), by and through self-representation, Pro Se, set forth their complaint as follows:

1. <u>Parties</u>

1. Plaintiffs, Michael A. Cofield and Karen A. Cofield . ("Plaintiffs Cofield") are residents and citizens residing at 404 McElheny Road, Glenshaw, Allegheny County, Pennsylvania 15116.

2. Defendant , Antero Resources Corporation ("Defendant Antero") is a Delaware corporation with its principal office address at 1625 17th Street, Suite 300, Denver, Colorado 80202 and at all times herein been engaged in the business of drilling for and extracting oil and gas distillates or other product or by product other by-products, also known as natural gas liquids (hereinafter referred as "NGLs"), and timber rights in Tyler County, West Virginia.

3. Defendant, Antero Resources Corporation, is registered with the Office of the West Virginia Secretary of State as a foreign corporation and its agent for service of process is CT Corporation System, 1627 Quarrier St., Charleston, West Virginia 25311-2124.

4. Defendant David I. Beem is, upon information and belief, a resident of Ohio with a home address of 924 Tremont Street, Dover, Ohio 44622.

5. Defendant Tyrone L. Beem is, upon information and belief, a resident of Ohio with a home address of 229 Hammersly Drive, Tuscarawas, Ohio 44682.

6. Defendant Diane Beem, upon information and belief, a resident of Ohio with a home address of 229 Hammersly Drive, Tuscarawas, Ohio 44682.

7. Defendant Todd W. Beem is, on information and belief, a resident of Ohio with a home address of 116 Sea Gull Lane S.E., New Philadelphia, Ohio 44663.

8. Defendant Craig E. Beem is, upon information and belief, a resident of Ohio with the home address of 7298 Wolford Rd. S.E., Uhrichsville, Ohio 44683.

9. Defendant Shelly M. Stubblefield is, upon information and belief, a resident of Ohio with a home address of 6424 S. Water St. Ext. S.E., Uhrichsville, Ohio 44683.

10. Defendant Mason Beem is, according to information and belief, a resident of Ohio with a home address of 202 Driftwood Drive. S.E., New Philadelphia, Ohio 44663.

11. Defendant Seth David Beem is, upon information and belief, a resident of Ohio with a home address of 308 S Fairview Ave. Dover, OH 44622.

12. Defendant Katelyn Beem is, upon information and belief, a resident of Ohio with a home address of 1232 Fox Lane. Mogadore, OH 44260

13. Defendant Christopher John Stubblefield is, upon information and belief, a resident of Ohio with a home address of 6354 S. Water St. Ext. S.E., Uhrichsville, Ohio 44683.

14. The case at issue began at the Circuit Level of Tyler County, West Virginia, at its core, brought to title to land, although the Appellants hereto – Michael and Karen Cofield (the "Cofields") – also asserted claims for conversion, criminal trespass, private nuisance, quiet title, and a request for a declaratory judgment in their Complaint. Due process was denied at the Circuit Level of Tyler County, West Virginia by Judge David W. Hummel, Jr. The Cofields acquired their ¼ mineral interest in the Property at a tax sale in 2109. After purchasing the minerals, the Cofields obtained Certified title and presented it

to Antero Resources. Antero has repeatedly denied the Cofields the benefit of said minerals, they claim erroneous assessment (Cofields have *100 plus years of land books coinciding with the certified copies of the chain of title back to the severance deed*). The Cofields were prepared to present their voluminous evidence to Judge David W. Hummel, Jr., *Huey v. Eqt (worked for Steptoe and Johnson-Defendants law firm)-See Exhibit A-hearing transcript.* Judge Hummel denied the Cofields the benefit of Due Process, *Chapman v. Kane Transfer Company, 160 W.Va. 530, 236 S.E.2d 207 (1977).* Due process focuses primarily on a person's right to be heard, rather than a person's right to prevail in a dispute. Courts usually consider two broad questions in cases involving procedural due process. First, courts consider whether the government's action involves an interest in life, liberty, or property. Second, courts consider whether the procedures that the government has employed assure that a person receives fair treatment.

15. Under both the Fifth amendment claim under 42 U.S. code 1983, *Knick v. Twp. Of Scott, Pennsylvania, 139 S.Ct. 2162 (2019)* and Fourteenth Amendments, to the U.S. Constitution, neither the federal government nor state governments may deprive any person "of life, liberty, or property without due process of law." A similar due process provision was found in the Magna Charta, as well as early state constitutions. Chief Justice William Howard Taft explained the purpose behind the clauses in *Truax v. Corrigan* (1921) as follows: "The due process clause requires that every man shall have the protection of his day in court, and the benefit of the general law, a law which

hears before it condemns, which proceeds not arbitrarily or capriciously, but upon inquiry, and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. It, of course, tends to secure equality of law in the sense that it makes a required minimum of protection for everyone's right of life, liberty, and property, which the Congress or the Legislature may not withhold."

16. On or about October 1, 2020, Antero filed a Motion to Dismiss the Cofield's Complaint under West Virginia Rule of Civil Procedure 12(b)(6). Antero's Motion to Dismiss, and the parties' respective claims to the oil and gas rights under the surface of a 300-acre tract, that was sub-divided into two separately assessed parcels (*50 acre tract west of the county road, and 250 acres east of the county road*) since the year of 1915, at Deed Book 78, at page 539 See *Exhibit "B"* (the "Riggs Deed"). The Riggs reserved to the grantor's certain rights and interests in and under the Property. The reservation at issue in the Riggs Deed reads as follows: "[that for and in consideration of fifty five hundred dollars the receipt of which is hereby conveyed, consisting, of all the gas and oil royalty in the fifty acres west of the County road, and One half of all gas and oil royalty in the two hundred and fifty acres East of county road, for a period of twenty years from the date of this deed....." The Cofield's have performed oil and gas abstracting with over 30 years' experience, if the reservation was on both the 50 acre tract and the 250 acre tract, why would they break the acreage up, if the reservation

applied to both then: *300 acres with a twenty year limitation.* The reservation in question reserves in the grantors an interest in the oil and gas in the "fifty acres west of County road" (which is the Property relevant to this lawsuit) with *no* time limitation. The reservation of "One half of all gas and Oil royalty in the two- hundred and fifty acres East of county road" had a clear limitation – twenty years (*excepting and reserving on its face is ambiguous, one document does not determine mineral ownership*). Antero asserts that *both* the interest in the fifty acres *and* the interest in the two-hundred and fifty acres were subject to the twenty-year time limitation (*if applied to both, 300 acres, 20-year title limitation-not broken up acreage-separately assessed since 1916*).

17. The Circuit Court of Tyler County, West Virginia, with Judge David Hummel, Jr. presiding, decided Antero's Motion in favor of the Defendants and held that the Riggs Deed is unambiguous (*excepting and reserving on its face is ambiguous*), and that the reservation applied to both tracts described in the riggs Deed. As Such, Judge Hummel, Jr. dismissed the lawsuit without considering the voluminous extrinsic evidence favoring Cofield's position. Judge Hummel denied the basic right as a property owner their day in court to present their overwhelming evidence (are we not to be heard instead of TOLD? Kane v Chapman; Logan v Zimmerman, Perry v Sinderman).

18. On September 2, 2021 the West Virginia Supreme Court of Appeals issued the Cofields an order (Case No. 21-0164) that the case was submitted for a Memorandum Decision (*neither Rule 19 or 21 were applied to the Cofields*

*case*). At the same time as the Cofield's case was submitted for the Fall term 2021 of the WVSCOA - 10 other cases were also submitted in the same month (*Fall Term of September 2021*) *see exhibit "C"* to see their docket history. They were submitted in September of 2021, their decisions released as of the latest date of 11/19/2021. Four out of the 10 cases filed for Petition for Rehearing, all were denied as of the latest date of 3/3/2022, while the Cofield's received their Memorandum Decision on 5/27/2022. *See exhibit "D" Memorandum Decision.*

19. The following statements made by the WVSCOA on May 27, 2022, in Memorandum Decision (Cofields have maintained that the deed is *Ambiguous*, evidence needs to be presented to prove ownership):

a. Page 2, paragraph 3, line 6 reads: "*They argue, first that the Riggs deed is unambiguous and the circuit court erred in concluding that the twenty- year reservation applied to both tracts, rather than solely to the 250 acre tract that is mentioned immediately prior to the reservation. They argue second, that the Circuit Court failed to presume all allegations in the complaint in favor of the Cofields, thus violating the standards under which the circuit court is obligated to consider a motion to dismiss. We are asked to review the grant of a motion to dismiss, we do so on a de novo basis. Syl. Pt. 2, State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc., 194 W.Va. 770, 461 S.E.2d 516 (1995)*". The Cofields believe that the WVSCOA did not review a shred of the extrinsic voluminous evidence, Cofields never stated that the deed was unambiguous, *see Exhibit "E" see Complaint case no. 21-0164* the Petitioners

brief arguing the ambiguity of the deed (ready to present certified title with over a 100 years of land books to the WVSCOA) see Exhibit "F" certified title.

b. Page 2, paragraph 4, line 1 "We *agree with the Cofield's that the deed language is unambiguous, but we disagree with their inventive interpretation. The mere fact that the parties do not agree to the construction of a contract does not render it ambiguous.* The Cofield's again, have never stated that the deed was unambiguous.

c. Page 2, paragraph 5, line 6: "We agree that where the conveyance described "reserves in and under property hereby reserved [,] without qualification, and the conveyance went on to use the conjunctive "and" to link the fifty-acre tract and the two-hundred-fifty acre tract when describing the reserves, it is apparent that the deed intended to create a reservation of certain mineral rights under all of the surface property conveyed. The definition of the (,) comma and the conjunction "and", that anytime a comma is inserted in front of the conjunction "and" two independent clauses.

d. Page 2, second paragraph, line 4: under a lease granted to it by the Beems, who are successors-in-interest to the Riggs deed". The Cofields are the successor grantees. Mineral ownership is not determined by one single document, excepting and reserving on its face is ambiguous.

After receiving the Memorandum Decision on May 27, 2022, the Cofields filed for *Petition for Rehearing (rule 25 WVSCOA)* on June 27, 2022 see Exhibit "G" (WVSCOA gave Antero more than the 11 days to respond to a Petition for Rehearing per court

rules, the Cofields waited for a denial for 263 days, they finally received the denial on April 6, 2023. Cofields were informed to appeal it, see *Exhibit H*, The complaint and the West Virginia Judicial Investigative committee responses of complaint numbers: 119-2021, 85-2022, and 94-2022 which Cofields sent over a 197 pages of documentation proving the Cofield's ownership of said minerals. After the Fall Term of 2022 passed and no order regarding said Petition, the Cofield's on January 11, 2023 filed "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction (rule 65), and an affidavit, *see Exhibit I*, showing the Defendant ("Beems) transferring their minerals to their children leaving a life estate to themselves. The Cofields again were prepared to provide the State of West Virginia with their voluminous extrinsic evidence, they again were denied. The Cofields never received an Order (Rule 65). The Cofields contacted the WVSCOA, spoke to the head clerk Edythe Gaiser, who informed them they needed to send an envelope with postage on (when calling the court for status, they were constantly asked who was asking, then put on hold for several minutes). The WVSCOA denied the Cofields their right for hearing per the Rules of a Preliminary injunction (Rule 65 ) see exhibit "I" included- WVSCOA Docket.

The Petitioners, whose title derives from a severance deed that has 300 acres, more or less-surface, that was subdivided into two (2) separately assessed mineral tracts: fifty (50) acres West of the County road, and two-hundred fifty acres east of the county road for a period of twenty (20) years in Tyler County, West Virginia in Deed Book 78 at page 593. When the Cofields contacted Antero about securing an oil and gas lease for said tract, Antero declined to enter a lease with the Petitioners for natural gas exploration and production from the property. Antero, contends that the twenty (20)

year limitation is on the 300 acres, Antero, wishes the reservation reads as follows: 300 acres, more or less, with a twenty (20) year time limitation (said tract was subdivided and separately assessed since 1916, forward to present day, with corresponding documents at the County Clerks Office of Tyler County, West Virginia.

Had they been permitted to by Tyler County Circuit Court, and the WVSPCOA, Petitioners were prepared to show the following regarding the chain of title, (what the Riggs did nine (9) days prior to subject severance deed J.B. Riggs and Emma C. Riggs granted) see Exhibit "J" Deed Book 78, at page 554-(J. B. Riggs, et al reserves in and underlying 14-3/5ths acres, for a period of twenty years – includes A. J. Moore reserves one-half (1/2) oil and gas royalty, the other one-half is granted to the parties of the second part), during the twenty (20) year reservation period. The Riggs Deed is dated October 2, 1915, said severance Deed the Tyler County Land Books for 1916 through 1920, show J.B. Riggs as the owner of the oil and gas in the fifty (50) acres. J.B. Riggs died on July 17, 1921. *His Last Will and Testament, see Exhibit K*, devised and bequeathed all of his estate both real and personal of every kind anywhere situate to his wife, Emma C. Riggs. The transfer of J.B. Riggs' interest in the oil and gas in the fifty (50) acres is reflected on the Land Books for 1922 through 1924 and in 1926, the Land Books for these years reflect that Emma C. Riggs owned the oil and gas in the fifty (50) acres. On December 24, 1924 (during 20-year time reservation) executed *her Last Will and Testament, see Exhibit "L",* on September 3, 1928, Emma C. Riggs died testate devising and bequeathing the following: item 4. I give, devise and bequeath the one-fourth of all my interest in the royalty, oil, gas and gasoline, from Farm sold to Charles Hamilton in 1812 [sic], and the farms sold L.A. & E.E. Riggs [sic] in 1815 [sic], to the

heirs of C.B. Riggs [sic] (dec'd); the one-fourth thereof to the heirs of A.W. Riggs (deceased); one-fourth thereof to Mrs. S.J. Smith. The Farm sold (300 acres-surface) in 1915 to L.A. & E.E. Riggs, his brother (reservation in said Deed).

With the death of Emma C. Riggs in 1928, the Land Book for 1928 shows "Riggs C.B. Hrs" of the C.B. Riggs Hrs, as the owners of a ¼ interest in the oil and gas in the fifty (50) *acres see Exhibit "M" -1916 through and including 1928, 1935, 1936, 1997 and 1998 (reference to Riggs, Emma is scrawled out)*. It also shows the heirs of G.A. Riggs and the heirs of A.W. Riggs each owning a ¼ interest in the oil and gas in the fifty (50) acres. In addition, it shows the heirs of C.B. Riggs, G.A. Riggs, and A.W. Riggs and each owning a $1/8^{th}$ interest in the oil and gas in the two hundred fifty (250) acres (see also the Land Book for 1929) This would be in accordance with the Last Will and Testament of Emma C. Riggs.

The Land Books from 1929 through 1998 (corresponding documents recorded in Tyler County Clerk of Courts representing Land Book) reflect the C.B. Riggs Hrs. as the owners of the oil and gas interest in the fifty (50) acres. If the J.B. Riggs reservation of the oil and gas in the fifty (50) acres was for only twenty (20) years, or until October 2, 1935, then as of 1936, the Land Books should have reflected the ownership of L.A. Riggs in the oil and gas in the fifty (50) acres, but they do not.

On July 21, 1939, Olie C. Carter and John C. Hoover, Special Commissioners, conveyed the surface of 300 acres, previously conveyed by J.B. Riggs to L.A. Riggs by the J.B. riggs Deed to the Federal Land Bank of Baltimore with the following reservation:

This conveyance of the above tracts of land subject to any or all conveyances and reservations, if any there be if record at the time of the execution of the mortgage [sic] to the Federal Land Bank of Baltimore, a corporation, of coal, oil, gas and other minerals and mineral rights, timber, and timber rights, sub-surface rights and easements

affecting the above conveyed property. *(Exhibit "N"-mortgage Book 17 at page 554-subject premise First (1st) tract).*

The Tyler County Land Book for 1939 shows that the 300 (surface) were sold to the Federal Land Bank of Baltimore. It also shows that various interests (L.A. & E.E. Riggs declared bankruptcy-trustee sold off all surface, coal, oil and gas, all mineral rights in over 30 other properties – nowhere is the fifty (50) acre tract) is listed in the *Bankruptcy Deeds – 112/353, 112/354, 112/564-565 and 112/569, see Exhibit "O")* which included the 300 (surface) acre tract. No where is there any interest listed for L.A. Riggs in the oil and gas in the fifty (50) acres, and the Land Books for 1939 lists "Riggs, C.B. Hrs.", or the C.B. Riggs Hrs. as owning ¼ Roy. 50 A Big Sancho or a ¼ interest in the oil and gas in the fifty (50) acres.

With the reservation of the oil and gas in the July 21, 1939, Deed of the Special Commissioner to the Federal Land Bank of Baltimore at Deed Book 113, at page 253- *see Exhibit "P",* the ¼ interest in the oil and gas interest in the fifty (50) acres remained in the C.B. Riggs Hrs. Again, the Land Books do not reflect L.A. Riggs as having any oil and gas interest in the fifty (50) acres at any time.

Then on July 16,1941, the Federal Land Bank of Baltimore conveyed the three hundred (300-surface*) to H. Cliff Hamilton-see Exhibit Q-Deed Book 115, at page 359.* This conveyance was also subject to all conveyances and reservation s of coal, oil, gas, minerals, timber, and easements of record. Due to the reservation of the oil and gas by the Special Commissioners in the July 21, 1939 Deed to the Federal Land Bank of Baltimore, the ¼ interest in the oil and gas in the fifty (50) acres remained with C.B.

Riggs Hrs., and *never* passed to Hamilton or to anyone in the chain of title from Hamilton including current lessors under Antero lease, David E. Beem and Bonita Beem, husband and wife, and Tyrone L. Beem and Diane J. Beem, husband and wife. Rather, the successors-in-interest to the C.B. Riggs HRs. (*L.A. & E.E. Riggs are C.B. Riggs Hrs.-see copy-when it goes to the grantee-it reverts to the Cofields successors-in-interest-certified title*) continued to be listed in the Land Books, as record owners of the ¼ interest in the oil and gas in the fifty (50) acres.

*Welch v. Clayton*

The ¼ interest in the oil and gas in the fifty (50) acres of the C.B. riggs Hrs. was eventually sold on April 21, 2009, by G. Russell Rollyson, Jr., deputy Commissioner of Delinquent and Nonentered Lands of Tyler County, West Virginia, for delinquent taxes, to H3 LLC. The interest of H3 LLC in the ¼ interest in the oil and gas in the fifty (50) acres, then and now designated as "1/4 Roy 50A B Sancho, Centerville District" was thereafter sold for delinquent taxes on June 17, 2019, to the Petitioners, *see Exhibit "R"*.

## SUMMARY OF ARGUMENT

Why the West Virginia Judiciary refused to look at the Cofields voluminous extrinsic evidence.

Oil and gas ownership is not determined by one document (land ownership is not determined by 1 document- **de novo doesn't match.**

The Cofields were prepared to present their voluminous extrinsic evidence if both courts would have granted them to be heard and not told. The fact that the Beems and their predecessors in title failed to asset ownership of the fifty (50) acres (*p/o sub-*

*divided 300 surface acre tract*), by either attempting to correct the Land Books of Tyler County, West Virginia with *Certified Title,* or to pay taxes on the same, such that Petitioners actually acquired their title through a tax sale for nonpayment of taxes, subsequently provided Antero with *Certified Title*.

Plaintiffs ¼ interest in the oil and gas underlying the Property (*subject premise has two (2) Well Bores- main source of energy- see map exhibit "U"*) is being drained as a part of the Heintzman Unit 1H-47-095-02526, 2H-47-095-02527-00, 3H-47-095-02528-00/ Spock Unit 1H-47-095-02478-00, 2H-47-095-02427-00, 3H-47-095-02428-00, and/or Beem unit 3H-47-095-02474-00.  There are three additional wells from which Antero, upon information and belief, maybe removing gas from Property:  API Nos. 47-095-0740, 47-095-0769 and 47-095-0728.

Antero's activities on and production from the Plaintiffs' Property (without a valid lease) constitute trespass against and conversion of the Cofields' ¼ interest in the oil and gas in the Property, with timber rights.

Upon information and belief, other parties have been paid royalties and signing bonuses to which the Plaintiffs are entitled.  The Plaintiffs also believe Antero continued to pay the Beems during said lawsuits-see *Exhibit S, Gladys S. Hamilton, et al granting Edward G. Beem the surface of 300 acres, with a one-fourth of the Royalty oil and gas in said lands.  See Exhibit "T" Edward G. Beem, single granting to Donald Frederick Beem and David Erwin Beem, subject to reservations,* "however, the party of the first part conveys all of his interest in the oil and gas underlying the above described tracts of land to the parties of the second part."

### Count I – Conversion

Entering into an oil and gas lease covering the Property and producing gas from the Property without permission from the Plaintiffs, the Defendants are wrongfully exercising dominion over the property of the Plaintiffs, in denial of the Plaintiffs rights, *see Exhibit U, Map of 50 acres, 2 well bores.*

### Count II – Trespass – Plaintiffs v. Antero

Anteros production oil and gas from Plaintiffs' Property, together with activities attendant thereto, constitutes an actual, nonconsensual invasion of the Plaintiffs' Property. Anteros activities directly interfere with the Plaintiffs possession. Antero is answerable to the Plaintiffs' in an amount far surpassing $1,000,000.00 per the WVDEP reporting system.

### Count III – Private Nuisance – Plaintiffs v. Antero

As described above, Antero's development of, and production of oil and/or gas from, Plaintiffs' Property constitutes a substantial and unreasonable interference with Plaintiffs' private use, and enjoyment of their property.

Antero is answerable to Plaintiffs in amount to be determined for their trespass, collusion against Plaintiffs' rights, from the Circuit Court of Tyler County, WVSCVOA, along with the WVJIC with the lack of oversight committee for the State of West Virginia.

### Count IV – Quiet Title – Plaintiffs v. the Beems Defendants

Plaintiffs, (*as reflected by that certain deed dated 6/17/2019 from G. Russell Rollyson, Jr. Commissioner of Delinquent and Nonentered lands, to Plaintiffs' Michael*

*A. and Karen A. Cofield, of record in West Virginia in Deed Book 652 at Page 555- presented Certified Title to Antero*), have valid legal and equitable title to the Property.

Plaintiffs' have possession of the Property and are actively seeking to make use thereof by entering into a lease to facilitate the development thereof.

The Beem Defendants are not the owners of the Property and have no right to lease the same.

Count V – Declaratory Judgment - Plaintiffs v. Antero and the Beem Defendants

Plaintiffs', by virtue of their purchase of the Property, See Deed Book 652, at page 555 from Russell G. Royllson, Jr. Commissioner of Delinquent and Nonentered Lands to Plaintiffs dated 6/17/2019, have valid legal and equitable title (*presented Antero with Certified Title*).

The Beem Defendants and Antero, constituting a justiciable controversy. Antero and the Beems Defendants have entered into a lease agreement for the Property, and Antero is producing oil and/or gas from the Property and, according to information and belief, has paid the Beems Defendants both bonus payment and royalty payments.

Antero has refused to enter into a lease with the Plaintiffs despite being advised and presented with Certified Title for Plaintiffs' ownership of the Property.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an Order quieting title to the Property and declaring Michael A. and Karen A. cofield the owners thereof. Further, Plaintiffs request that this Honorable Court order an accounting and just compensation, without deduction for the costs of production, as a

result of Antero's willful and knowing removal oil, gas, and any and all minerals owned by the Plaintiff in the 1/4 interest in the 50 acres as a part of the Heintzman Unit 1H-47-095-02526, 2H-47-095-02527-00, 3H-47-095-02528-00/ Spock Unit 1H-47-095-02478-00, 2H-47-095-02427-00, 3H-47-095-02428-00, and/or Beem unit 3H-47-095-02474-00 with API Nos. 47-095-0740, 47-095-0769 and 47-095-0728 (two (2) well bores on Property) and/or by virtue of any other declared unites or completed or contemplated wells and/or units.  Plaintiffs further request further damages for the Defendants' trespass against and/or conversion of assets owned by them, as well as any other just and reasonable compensation for the ordeal that Judiciary of the State of West Virginia blatantly inflicted upon the Plaintiffs deemed appropriate by this Honorable Court.

Respectfully submitted,

*Michael A. Cofield 6-6-2023*
Michael A. Cofield, Pro Se

*Karen A. Cofield 6-6-2023*
Karen A. Cofield, Pro Se
404 Mcelheny Road
Glenshaw, Pa 15116
412-478-6827/Mcofield63@yahoo.com