IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL A. COFIELD** and **KAREN A. COFIELD**,

    Plaintiffs,

v.                              Civil Action No.: 5:23-CV-215
                                                  Judge Bailey

**ANTERO RESOURCES CORPORATION**,
**DAVID I. BEEM, TYRONE L. BEEM,**
**DIANE BEEM, TODD BEEM, CRAIG E.**
**BEEM, SHELLY M. STUBBLEFIELD,**
**MASON COLE BEEM, KATELYN BEEM,**
**SETH DAVID BEEM,** and **CHRISTOPHER**
**JOHN STUBBLEFIELD**,

    Defendants.

## ORDER DISMISSING CASE

Pending before this Court is the defendants' Motion to Dismiss [Doc. 10]. The plaintiffs have filed their response to the Motion [Doc. 22] and defendants' have filed their Reply [Doc. 23].

The plaintiffs, Michael A. Cofield and Karen A. Cofield filed this case effectively appealing a decision by the Supreme Court of Appeals of West Virginia, affirming a judgment of the Circuit Court of Tyler County, West Virginia. This case, and that below, are one and the same, both turning on the interpretation of a single deed as a matter of West Virginia common law.

By the deed in issue, dated October 2, 1915, E. C. Riggs conveyed several parcels to L.A. Riggs and E.E. Riggs, reserving to himself "all of the gas and oil royalty in the fifty

1

acres west of County road, and One half of all gas and oil royalty in the two hundred and fifty acres east of county road, for a period of twenty years from the date of this deed…." This case involves the "fifty acres east of county road," and the plaintiffs are the successors to the grantor in the 1915 deed pursuant to the purchase of a tax ticket assessed to H3, LLC in 2019. Defendants Tyrone L. Beem, Diane Beem, Todd Beem, Craig E. Beem, Shelly M. Stubblefield, Mason Cole Beem, Katelyn Beem, Seth David Beem, and Christopher John Stubblefield are the successors through various conveyances to the grantees in the 1915 deed. Defendant Antero Resources Corporation ("Antero") has leased the Beem Defendants' interests and is producing oil and gas from the property in issue.

In their state court action, the plaintiffs asserted "claims for conversion, criminal trespass, private nuisance, quiet title, and request for declaratory judgment." These are effectively the same claims raised in this case.

At the state trial court level, the defendants herein filed motions to dismiss the plaintiffs' state court claims pursuant to West Virginia Rule of Civil Procedure 12(b)(6). After a hearing held on January 21, 2021, the Circuit Court concluded that the 1915 deed was unambiguous and that the time limitation applied to both tracts. The plaintiffs vaguely complain that "Due process was denied at the Circuit Level … by Judge David W. Hummel, Jr." when he granted Antero's motion to dismiss and dismissed plaintiffs' complaint. The plaintiffs point to no actual procedural deficiencies and acknowledge that they responded to the motion to dismiss, and a hearing was held on the matter.

The plaintiffs then appealed the state trial court's decision to the Supreme Court of Appeals of West Virginia, which affirmed the state trial court's dismissal. After the

Supreme Court of Appeals resolved their case, the plaintiffs filed a pro se petition for rehearing, which was denied on March 30, 2023. The Plaintiffs also filed multiple disciplinary complaints against the state court trial judge who presided in their case, which were dismissed as being without probable cause.

In their Complaint, the plaintiffs collaterally attack the decisions of the Supreme Court of Appeals: (1) "The Cofields believe that the WVSCOA did not review a shred of the extrinsic voluminous evidence;" (2) "Cofields never stated that the deed was unambiguous;" (3) "The Cofield's [sic] again, have never stated that the deed was unambiguous;" (4) "The Cofields are the successor grantees. Mineral ownership is not determined by one single document, excepting and reserving on its face is ambiguous;" (5) "The Cofields again were prepared to provide the State of West Virginia with their voluminous extrinsic evidence, they again were denied;" (6) "The WVSCOA denied the Cofields their right for a hearing per the Rules of a Preliminary Injunction;" (7) "Why the West Virginia Judiciary refused to look at the Cofields [sic] voluminous extrinsic evidence;" (8) "The Cofields were prepared to present their voluminous evidence if both courts would have granted them to be heard and not told;" and (9) "Plaintiffs further request further damages for … any other just and reasonable compensation for the ordeal that the Judiciary of the State of West Virginia blatantly inflicted upon the Plaintiffs deemed appropriate by this Honorable Court."

On March 30, 2023, the Supreme Court of Appeals of West Virginia denied the plaintiffs' rehearing. United States Supreme Court Rule 13.1 provides, "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case … entered by a state court of last resort … is timely when it is filed with the Clerk of this Court

within 90 days after entry of the judgment." Supreme Court Rule 13.3 provides, "[I]f a petition for rehearing is timely filed in the lower court by any party ... the time to file the petition for a writ of certiorari for all parties ... runs from the date of the denial of rehearing ...." Moreover, the Supreme Court of the United States "ha[s] no authority to review state determinations of purely state law." ***Int'l Longshoremen's Assoc. v. Davis***, 476 U.S. 380, 387 (1986). Thus, the plaintiffs' sole remedy, if any, from their state court case was a petition for writ of certiorari filed with the Supreme Court of the United States on or before June 28, 2023. This Court, however, has no jurisdiction over a judgment affirmed by the Supreme Court of Appeals of West Virginia.

The ***Rooker-Feldman*** doctrine provides that suits are properly dismissed for want of subject-matter jurisdiction when they invite federal courts "to review and reverse unfavorable state-court judgments." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 283–84 (2005); see ***D.C. Court of Appeals v. Feldman***, 460 U.S. 462 (1983); ***Rooker v. Fid. Trust Co.***, 263 U.S. 413 (1923). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil***, 544 U.S. at 284. The doctrine recognizes that District Courts lack jurisdiction over state court decisions because only the Supreme Court has appellate authority to reverse or modify a state court judgment.

***Rooker-Feldman*** is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" ***Amer. Reliable Ins. Co. v. Stillwell***, 336 F.3d 311, 316 (4th

Cir. 2003) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)). The Fourth Circuit "has consistently treated the *Rooker–Feldman* doctrine as jurisdictional," so this Court is "obliged to address it" at the outset of the case. *Smalley v. Shapiro & Burson, LLP*, 526 F.App'x 231, 235 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195–96 (4th Cir. 2001)).

The *Rooker–Feldman* doctrine prohibits District Courts "with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'" *Jordahl v. Dem. Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F.App'x 231, 235 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). Instead, "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately," the Supreme Court. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citations omitted). "The controlling question in the *Rooker–Feldman* analysis," the Fourth Circuit observed in *Jordahl*, "is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. Put another way, if 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual,' *Rooker–Feldman* is implicated." 122 F.3d at 202. "Under the *Rooker-Feldman* doctrine, lower federal courts

may not consider either 'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.'" *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (quoting *Plyler*, 129 F.3d at 731).

The district courts in West Virginia have often applied the *Rooker-Feldman* doctrine. *Doe v. Crouch*, 2023 WL 2711632, at *5 (S.D. W. Va. Mar. 30, 2023) (Goodwin, J.) ("Because these forms of relief implicate issues adjudicated in state court, and undermine the final resolution thereof, the *Rooker-Feldman* doctrine bars this court from granting the requested relief."); *Nestor v. Antolini*, 2021 WL 4963544, at *13 (N.D. W.Va. May 19, 2021) (Aloi, M.J.), *report and recommendation adopted*, 2021 WL 4313084 (N.D. W.Va. Sept. 22, 2021) (Kleeh, J.) ("Appellate review of this decision is the domain of the Supreme Court of Appeals of West Virginia, not the U.S. District Court for the Northern District of West Virginia."); *Edison v. W. Virginia ex rel. WV Dep't of Health & Hum. Servs. Bureau of Child Support Enf't*, 2019 WL 8137129, at *4 (S.D. W.Va. Nov. 5, 2019) (Tinsley, M.J.); *report and recommendation adopted sub nom.*, *Edison v. W. Virginia ex rel. WV Dep't of Health & Hum. Res., Bureau of Child Support Enf't*, 2019 WL 6705006 (S.D. W. Va. Dec. 9, 2019) (Copenhaver, J.) ("the plaintiff is challenging final state court orders concerning child support issues, and that this court's review of those decisions clearly amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine"); *Edison v. W. Virginia Dep't of Health & Hum. Res.*, 2019 WL 6460639, at *8 (N.D. W.Va. July 19, 2019) (Aloi, M.J.), *report and recommendation adopted sub nom. Edison v. W. Virginia*, 2019 WL 4059181 (N.D. W.Va. Aug. 28, 2019) (Kleeh, J.) ("Plaintiff

6

is essentially asking this Court to review and reject the Order to Pay Child Support and the suspension of his driver's license as a result of his failure to pay child support as entered by the Family Court of Tyler County. . . . Accordingly, the undersigned **RECOMMENDS** the District Judge **FIND** that the ***Rooker-Feldman*** doctrine precludes Plaintiff's indirect attempt to appeal State Court decisions to this Court. . . ."); ***Scotchel v. Karlin***, 2018 WL 1512378, at *4 (S.D. W.Va. Mar. 26, 2018) (Johnston, C.J.); ***Azeez v. Keller***, 2010 WL 1380024, at *4 (S.D. W.Va. Apr. 1, 2010) (Vandervort, M.J.), *objections overruled*, 2010 WL 1642537 (S.D. W.Va. Apr. 22, 2010) (Berger, J.) ("Plaintiff's Motion for Expungement is precluded by the ***Rooker-Feldman*** doctrine. . . . The undersigned notes that Plaintiff does not dispute that the Circuit Court of Raleigh County addressed the facts and circumstances surrounding his request for expungement."); ***Lackawanna Transp. Co. v. Pub. Serv. Comm'n of W. Virginia***, 2010 WL 1067409, at *4 (N.D. W.Va. Mar. 16, 2010) (Stamp, J.), *aff'd*, 408 F.App'x 672 (4th Cir. 2011) ("Upon review of the record and the parties' pleadings, this Court concludes that the ***Rooker–Feldman*** doctrine applies to the facts of this case, and consequently, this Court does not have subject matter jurisdiction. Should this Court grant Lackawanna relief, it would effectually overrule the West Virginia Supreme Court of Appeals' decision in ***Wetzel County Solid Waste Auth.***").

Even if this Court were to have subject matter jurisdiction, plaintiffs' claims would be barred by the doctrine of *res judicata*. "***Rooker-Feldman*** does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 283–84 (2005).

The doctrine of *res judicata* serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 326 (1979). Federal courts apply *res judicata* where there is (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both suits; and (3) an identity of parties or privity between parties in the two suits. **Pueschel v. United States**, 369 F.3d 345, 354-55 (4th Cir. 2004) (citing **Nash Cnty. Bd. of Educ. v. Biltmore Co.**, 640 F.2d 484, 486 (4th Cir. 1981)). Because "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," **Rivet v. Regions Bank of Louisiana**, 522 U.S. 470, 476 (1998), the plaintiffs are now barred by *res judicata* from asserting claims against the same parties and their privies in this case.

This Court lacks jurisdiction to address this case. Accordingly, defendants' Motion to Dismiss **[Doc. 10]** is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 10, 2023.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**